PONDER, Judge,
dissenting.
I dissent.
Aneice Vaughn, a passenger in her own car driven by Willie Tyler, testified that defendant’s car was several blocks away when they turned from a side street on to the highway. They were going only a short distance on the highway so the driver put the blinkers on. As they started to turn, they heard the screeching of brakes and were hit on the left front fender and door.
Rhonda Vaughn testified they were making a left turn after putting on the blinkers when she heard the screeching of brakes and they were hit on the side.
Margaret Vaughn testified they were making a left turn and she could hear screeching as soon as they turned.
Willie Tyler, the driver for Mrs. Vaughn, did not testify.
Michael Ross said he saw the Vaughn car coming out twenty-five to thirty-five yards away. Realizing that a collision might be imminent he pulled to the left and started around. Tyler started to make a left turn some ten to fifteen yards before a driveway.
The investigating trooper testified the debris was in the center of the roadway about sixty feet west of a small driveway.
The physical evidence, therefore, corroborates defendant’s evidence that Tyler, who did not testify, came into the left lane well before reaching the place he evidently intended to turn into.
Neither the trial court nor the majority has given any legal or factual basis for finding William Ross, the father of twenty-two year old Michael Ross, liable. The allegations of William Ross’ negligence were:
“(2) Negligence of William J. Ross:
A. Failing to exercise proper control and supervision of his vehicle, in allowing same to be used without proper supervision and safeguards for the public;
B. Negligently allowing his automobile to be driven by one he knew, or should have known, did not possess the requisite skill and judgment to operate same as indicated by the acts of negligence set forth herein by said driver.”
I find no evidence to support these contentions.
I therefore believe that the trial court manifestly erred.